*989 REINHARDT, Circuit Judge,
dissenting:
As the majority recognizes, venue in this case was proper only if Recordon & Recordon “expressly aimed” its conduct at the Northern District of California. The majority here finds express aiming based entirely on (1) the foreseeable harm suffered by Brayton Purcell as a result of Recordon & Recordon’s passive website, and (2) Re-cordon & Recordoris knowledge of Bray-ton Purcell’s residence in the Northern District. In doing so, the majority disregards binding circuit authority, which establishes that “something more” than the “foreseeable effect” of an intentional tort committed against a party known to be a resident of the forum is required to establish venue. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir.2006) (internal quotation omitted). Through its website, Recordon & Recordon sought customers only in the Southern District of California, Maj. Op. at 986-87, and its only link to the Northern District was its knowledge of Brayton Purcell’s residence. Because Re-cordon & Recordon’s website was targeted exclusively at San Diego County, id., its conduct was clearly not “expressly aimed” at the Northern District. Pebble Beach, 453 F.3d at 1158. Accordingly, the “expressly aimed” test was not met, and venue did not lie in the Northern District.[1]
I.
The undisputed record here establishes that Recordon & Recordon limited its legal practice to Southern California. The firm operated exclusively out of Southern California, practiced entirely in Southern California, and had never had any clients or legal work in the Northern District. Likewise, there is no dispute that the “elder law” material on Recordon & Recordoris website was directed toward prospective clients in Southern California exclusively. See Maj. Op. at 987. As the majority recognizes, any confusion or competition resulting from Recordon & Recordon’s website involved only “[prospective clients in Southern California.” Id.
Under these circumstances, venue was proper in the Northern District only if Recordon & Recordon “ ‘(1) committed an intentional act, (2) expressly aimed at the [Northern District], (3) causing harm that [Recordon & Recordon] kn[ew][was] likely to be suffered in the [Northern District].’ ” Yahoo! Inc. v. La Ligue Contre le Racisme et L’Antisemitisme, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir.2004)) (emphasis added). As the majority notes, the second prong, “express aiming,” requires that Recordon & Recordon have engaged in “conduct directly targeting the forum.” Maj. Op. at 986-87 (quoting Rio Props., Inc. v. Rio Int’l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002)). The majority holds that Recordon & Recordon’s conduct was “targeted” at the Northern District of California because it knew that Brayton Purcell was a resident of that district and it committed an intentional tort causing foreseeable harm to Brayton Purcell. Specifically, Recordon & Recordon “willfully, deliberately and knowingly ma[de] commercial use of’ the material developed by Brayton Purcell. Maj. Op. at 986-87. The harm it caused, the majority reports, was “competition ... in the field of elder abuse law” and confusion among “[prospective clients.” Id. The competition and *990 confusion occurred exclusively in the Southern District, and the only fact linking Recordon & Recordon’s actions to the Northern District was its knowledge of Brayton Purcell’s residence in that district.
Finding “express aiming” in these circumstances is contrary to circuit authority, which establishes that express aiming must include “something more” than knowledge of the plaintiffs residence and an intentional tort causing harm to the plaintiff. In Schwarzenegger v. Fred Martin Motor Co., for example, the defendant committed an intentional act of intellectual property infringement, the unauthorized use of Arnold Schwarzenegger’s photograph in advertisements, knowing Schwarzenegger to be a Californian. 374 F.3d at 799, 807. That act ultimately caused Schwarzenegger harm. Id. at 807. Nonetheless, we found no “express aiming” because the advertisement was directed entirely at Ohio. Id. The court explained,
Fred Martin’s intentional act — the creation and publication of the Advertisement — was expressly aimed at Ohio rather than California. The purpose of the Advertisement was to entice Ohioans to buy or lease cars from Fred Martin and, in particular, to “terminate” their current car leases.... It may be true that Fred Martin’s intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lives in California. But this does not confer jurisdiction, for Fred Martin’s express aim was local.
Id. (emphasis added). This passage from Schwarzenegger could not be clearer: Express aiming requires “something more” than an intentional, tortious act causing harm to a known resident of a state in order for that state to attain forum status.
Likewise, in Pebble Beach Co., the defendant maintained a passive website that infringed upon the trademark of a business known to him to be located in California — the Pebble Beach golf course and resort. 453 F.3d at 1153-54. Following Schwarzenegger, the court found no “express aiming” because the website was not directed at California. Id. at 1158. In language directly applicable here, the court explained, “where the sole basis for [finding express aiming] is a non-interactive passive website .... the fact that [the defendant’s] website is not directed at [the forum jurisdiction] is controlling” and precludes a finding that the defendant’s conduct was expressly aimed at the forum. Id. at 1158.
Pebble Beach and Schwarzenegger establish that knowledge of the plaintiffs residence and a foreseeable harm to the plaintiff are, standing alone, insufficient to establish express aiming; “something more” is required in order for the state of the plaintiffs residence to constitute a proper forum. Recordon & Recordon’s actions involved “nothing more” than the maintaining of a non-interactive, passive website targeted at customers in Southern California with knowledge that the owner of the material being improperly used lived in Northern California. Just as the purpose of the advertisement in Schwarzenegger was to “entice” individuals in Ohio to buy automobiles in that state, the purpose of Recordon & Recordon’s website was to entice potential customers in San Diego County to purchase Recordon & Recordon’s legal services. The fact that Recordon & Recordon used a passive website rather than a print advertisement to attract customers is of no consequence: Pebble Beach, relying heavily on Schwarzenegger, establishes that, with regard to “express aiming,” a passive, non-interactive website is treated no differently than a print advertisement. If a website is not directed at customers in a forum, the defendant’s conduct in maintaining the web *991 site is not targeted at that forum. 453 F.3d at 1158. Because Recordon & Recordon’s website was directed to an audience entirely outside of Northern California, Pebble Beach and Schwarzenegger preclude a finding of “express aiming.”[2]
In its attempt to evade this controlling authority, the majority asserts that Pebble Beach and Schwarzenegger are inapplicable because Recordon & Recordoris website “plaee[d] Recordon in direct competition [in Southern California] with Brayton Purcell” and harmed Brayton Purcell’s business reputation by “creatfing] confusion among potential clients [in Southern California] as to the true authorship of the elder abuse material.” Maj. Op. at 986-87, 987-88. These consequences of Recordon & Recordoris actions are nothing more than the “harm ... suffered” by Brayton Purcell as a result of Recordon & Recordon's actions. Yahoo! Inc., 433 F.3d. at 1206. In relying upon the foreseeable effects of Recordon & Recordoris actions to establish express aiming, the majority conflates two distinct prongs of the test for personal jurisdiction and adopts an approach to the express aiming requirement expressly rejected in Pebble Beach. As Pebble Beach explained, “showing ‘effect’ satisfies only the third prong of the [] test — it is not the ‘something more’ that is required” to establish express aiming. 453 F.3d at 1160.[3]
II.
Although the stakes of the particular dispute between Brayton Purcell and Re-cordon & Recordon are minor, the consequences of the majority’s opinion will be major. By ignoring the rules established by Schwarzenegger and Pebble Beach and endorsed by Yahoo!, the majority undermines this circuit’s recent efforts to bring clarity to the law of specific personal jurisdiction. Clear rules are important in this area, because personal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect. Unfortunately, in abandoning the simple and easily applied rule established by Schwarzenegger and Pebble Beach, the majority leaves litigants without any clear principle by which to apply its new rule that some in-forum effects amount to “express aiming,” while others do not.
More important, the majority opinion would permit a defendant who resides in *992 Ohio, Florida, or Maine, thousands of miles from the Ninth Circuit, to be sued in the Northern District of California based on nothing more than his knowledge that the plaintiff whose intellectual property rights he allegedly infringed resides in San Francisco. Under the majority’s opinion, every website operator faces the potential that he will be hailed into far-away courts based upon allegations of intellectual property infringement, if he happens to know where the alleged owner of the property rights resides. Due process and basic principles of fairness prohibit such an expansive exercise of personal jurisdiction.
Recordon & Recordon had no connection to the Northern District of California besides its knowledge of Brayton Purcell’s residence there, and its website was targeted entirely at potential clients in the Southern District. Pebble Beach and Schwarzenegger are squarely on point and preclude a finding of express aiming in these circumstances.
I respectfully dissent.

. The Northern District of California and the Southern District of California are treated like separate states for the purposes of establishing venue. Columbia Pictures Television v. Krypton Broad, of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir.1997), rev’d on other grounds, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998).

. There is some tension between certain language on which the majority relies from Bancroft & Masters, Inc. v. Augusta Nat’l Inc., 223 F.3d 1082, 1087 (9th Cir.2000), and Columbia Pictures Television, 106 F.3d at 289, and our more recent decisions in Pebble Beach and Schwarzenegger. However, the majority errs by relying on two sentences from the former, older cases rather than the holdings of the circuit's latter, more recent cases. The understanding of "express aiming” articulated in Pebble Beach and Schwarzenegger was endorsed by the en banc court in Yahoo!, which relied upon Schwarzenegger extensively, id. at 1205-09, while reading Bancroft narrowly, 433 F.3d at 1208-09. Schwarzenegger thus represents the law of the circuit, and if there is any tension between Schwarzenegger and Bancroft, it must be resolved in favor of Schwarzenegger.

. Because Brayton Purcell resides in the Northern District of California, these effects might be enough to establish that the “harm suffered in the forum” prong is met in this case, although I am skeptical that harm can be "suffered in [a] forum” notwithstanding that the tortious conduct and its consequences — competition for and confusion among customers in Southern California— both occurred entirely outside the forum. Notably, Schwarzenegger declined to decide whether the plaintiff's residence in California was enough to establish that any harm that resulted from the defendant’s actions was suffered in that state. 374 F.3d at 807 n. 1. I need not reach that question because, in the absence of "express aiming,” venue was in any event improper.